398 So.2d 1209 (1981)
FIRST OF GEORGIA INSURANCE COMPANY and Robert Serino
v.
Alfred COHEN, d/b/a Ajax Plumbing Company and ABC Insurance Company.
No. 11843.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1981.
*1210 Lolis E. Elie, New Orleans, for Robert Serino and Wanda Serino, appellants.
David M. Cambre, Dillon & Cambre, George LeGrand, New Orleans, for defendants-appellees.
Before BOUTALL and CHEHARDY, JJ., and STOULIG, Assigned Judge.
BOUTALL, Judge.
This case arose out of a judgment of the trial court sustaining an exception of no cause of action filed by the defendant thereby dismissing the plaintiff's claim for damages of mental anguish which allegedly resulted from the destruction of a home by fire.
On or about December 10, 1978, a fire occurred which caused extensive damage to the property located at 872 City Park Avenue in New Orleans. This property was allegedly owned by Robert Serino and was insured by First of Georgia Insurance Company (hereinafter referred to as FGIC). Subsequently, both Serino and FGIC filed suit against the defendants John Buttone, Jr., doing business as Ajax Refrigeration Company (hereinafter referred to as Ajax) and their insurer seeking the recovery of damages to the property as a result of the fire. The basis of their claim was the alleged negligence of Buttone and Ajax in failing to perform proper repairs in the attic of the property. Subsequently, Serino amended the petition seeking the recovery of additional damages from the defendants including mental anguish on behalf of his wife and the 3 minor children of the marriage as well as for loss of wages by Mrs. Serino and for inconvenience by both Mr. and Mrs. Serino. Thereafter the defendants filed exceptions of no cause of action as to the claims of damages for mental anguish and one of prescription for all of the claims other than that of Mr. Serino.
Upon a hearing of the exceptions, the lower court entered a judgment dismissing the claims raised by Serino on behalf of his minor children as well as the claim of his wife for damages for mental anguish. The exception of prescription was overruled. From this judgment Serino appealed devolutively.
On appeal the issue before us is whether a wife and her minor children have a cause of action for the recovery of damages for mental anguish which allegedly resulted from the destruction by fire of the home which was allegedly owned by their husband and father.
There are generally four major areas in which damages may be awarded for mental anguish arising as a result of damage to property. These areas are where the:
"* * * * (1) property is damaged by an intentional or illegal act; (2) property is damaged by acts for which the tort-feasor will be strictly or absolutely liable; (3) property is damaged by acts constituting a continuous nuisance; (4) property is damaged at a time in which the owner thereof is present or situated nearby and the owner experiences trauma as a result."
Dugas v. St. Martin Parish Police Jury, 351 So.2d 271 (La.App. 3rd Cir. 1977); Farr v. Johnson, 308 So.2d 884 (La.App. 2d Cir. 1975) writ refused La., 310 So.2d 854 and cases cited therein. However, this list of areas is not exclusive or inflexible. Elston v. Valley Electric Membership Corporation, 381 So.2d 554 (La.App. 2d Cir. 1980); Todd v. Aetna Casualty and Surety Co., 219 So.2d 538 (La.App. 3rd Cir. 1969). In Speight v. Southern Farm Bureau Insurance Co., 254 So.2d 485 (La.App. 3rd Cir. 1971), the recovery of damages for mental anguish resulting from damage to property was not limited *1211 to the property owner but also included the daughter of the owner who resided in the property and occupied it at the time when the damage occurred. The court stated:
"Likewise we think the award to Debbie Speight (the daughter) to be within the realm of propriety. She was in her bedroom, reading when the accident occurred, and the occupancy of a residence is certainly foreseeable. The violence of the impact caused her great and understandable fright and she rushed out of the house in terror." [(the daughter) supplied]
With respect to the matter before us the petition and amendments thereto filed by the plaintiff indicate that the house which was damaged by the fire was owned by Robert Serino. There is no indication that the house was a community home, thereby establishing Mrs. Serino's rights as a co-owner or that she was present or situated nearby and experienced trauma as a result of the fire. Furthermore, these pleadings fail to show that the three minor children were residents in the home or that they occupied it at the time of the fire. Accordingly, we find that the judgment of the trial court sustaining the exception of no cause of action as to the claim of damages for mental anguish by Mrs. Serino and three minor children is correct.
La.C.C.P. Art. 934 permits an amendment to a petition when grounds for an exception may be removed. It states:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
Also see: Menard v. Associated Royal Crown Bottling Co., 249 So.2d 363 (La.App. 4th Cir. 1971). In considering the arguments raised by counsel in the matter before us it is apparent that some basis for amendment of the petition may exist so as to cure the grounds for the exception of no cause of action. Accordingly, we order that the judgment of the trial court be amended so as to permit the plaintiff a reasonable time within which to amend the petition so as to state a cause of action.
AMENDED AND AFFIRMED.