DUFRESNE, Judge.
As a result of a burglary, Jutta Schulze (plaintiff) sued for the value of jewelry burglarized from her home and damages for the emotional distress she sustained as a result of the loss. The trial judge awarded her a judgment of $16,707 with interest and costs. Defendants appeal that judgment with respect to liability and quantum.
The background facts leading to this litigation are relatively simple. The minor sons of Robert Peri, and Stanley Bradley, burglarized the residence of the plaintiff and her husband at 83 Driftwood Blvd. in Kenner, Louisiana. As a result of the burglary the plaintiff filed suit against Peri and Bradley, the parents. The defendants minor children admitted to the break-in and pleaded guilty to the crime of theft in Juvenile Court in Jefferson Parish. The plaintiff contends that 19 items of jewelry were stolen and that she suffered emotional distress as a result of the loss. Young Peri and Bradley denied stealing all the items listed, rather admitted only to the theft of 11 of the items of jewelry. At trial, plaintiff testified as to the number (19) and value of items stolen from her home on the day of the burglary. Furthermore, an appraisal was prepared by Donald J. Bou-dreaux of Boudreaux’s Jewelers, an expert in jewelry appraisal. As a result of the judgment for the plaintiff, the defendants raise the following issues on appeal:
1. Is the trial judge clearly wrong with respect to the extent and value of the property loss?
2. Are the defendants, as parents, liable for damages due to the emotional distress caused by the intentional torts committed by the minor children?
3. If the parents are liable for emotional distress damages under the instant circumstances, did the trial judge abuse his discretion in awarding $5,000?
With regard to the first issue, we conclude that the evidence in the record is such that the trial judge did not abuse his discretion in his obvious factual findings. The credibility of the testimony at trial is a matter for the determination of the trial judge who, in view of the judgment rendered by him, apparently found the plaintiff a credible witness and believe her account of the case over that of the defendants.
As in this case, the trial court judge is in the best position to assess the credibility of the witnesses and the totality of the evidence. His determination of factual issues will not be disturbed on appeal unless clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
After carefully reviewing the record herein, we cannot say that the trial judge’s findings that plaintiff lost 19 items of jewelry at an estimated value of $11,707.50 is manifestly erroneous.
With respect to the second issue, we adhere to the recognized legal principle that since the tort committed by the minors was intentional, damages which plaintiff may recover in addition to the property loss is an award for emotional distress because of the loss. The court in the case First of Georgia Insurance Company v. Cohen, 398 So.2d 1209 (La.App. 4th Cir.1981) indicated that there are generally four major areas in which damages may be awarded for mental anguish arising as a result of damage to property. These areas are where the
“... (1) property is damaged by an intentional or illegal act; (2) property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) property is damaged by acts constituting a continuous nuisance; (4) property is damaged at a time in which the owner thereof is present or situated nearby and the owner experiences trauma as a result.” Dugas v. St. Martin Parish Police Jury, 351 So.2d 271 (La.App. 3d Cir.1977).
The defendants, as fathers of the minors, must stand in judgment for any damages that the minor children would be liable for individually if they had reached the age of majority. The defendants are liable for the torts (i.e., fault) committed by their minor children.
*469 The law in Louisiana is clear. The Louisiana Civil Code states that parents are in general liable for the tortious acts committed by their minor children.
LSA-C.C. art. 237 provides:
“Fathers and mothers are answerable for the offenses or quasi-offenses committed by their children, in the cases prescribed under the title: Of Quasi-Contracts, and of Offenses and Quasi-Offenses.
LSA-C.C. art. 2315 provides:
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.”
LSA-C.C. art. 2318 further states:
“The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemanci-pated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
The same responsibility attaches to the tutors of minors.”
Article 2318 is an extension of Article 2315. In addition to being responsible for one’s own acts which cause damage to another, one is also responsible for the acts of a person for whom one is answerable, which causes damage to another.
The jurisprudence interpreting these statutes has established certain guidelines which are to be used in determining the liability of either or both parents. Generally, for the minor child who resides with his parents, liability for the tortious acts committed by the minor rests with the father. Turner v. Bucher, 308 So.2d 270 (La.1975).
The Louisiana Supreme Court construed Article 2318 in Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138 (1968). The Court stated 214 So.2d at 143:
“. .. the liability of the parent under these articles is vicarious and if the child is old enough to be capable of fault and is in fact at fault, the liability of the parent is fixed; provided, of course the minor is residing with the parent at the time.”
In Deshotel v. Casualty Reciprocal Exch., 350 So.2d 283, (La.App. 3d Cir.1977) the court stated at 286:
“... that the parent’s liability is not based upon a presumption of fault for having failed to properly supervise and train the minor. It is absolute liability arising out of the parent-child relationship.”
In view of the absolute nature of a parent’s vicarious liability under LSA-C.C. art. 2318 and the principle that the “... status of the father alone is sufficient to impose liability .... ” Wooten v. Wimberly, 272 So.2d 303 (La.1973), we hold that LSA-C.C. art. 2318 clearly places the liability on a parent for the torts of a minor child provided the minor is residing with him, and imposes upon the defendants herein the responsibility of satisfying the judgment rendered against them for the damages sustained by the plaintiff.
Finally, after carefully reviewing the evidence in the record, we must resolve the third issue asserted on appeal in favor of the plaintiff. The trier of fact is afforded broad discretion in making an award of general damages. LSA-C.C. art. 1934, subd. 3. Only when the record reveals a clear abuse of this discretion is an appellate court justified in disturbing a trial court award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
The facts in the present case indicate support for an award to plaintiff for damages for mental anguish that is, emotional distress sustained over the loss of her personal property. The plaintiff’s testimony was accepted by the trial court as a clear reflection that the plaintiff was emotionally distraught over the loss of her property and indicated that she was, in fact very frightened by this incident. A reading of the record fails to show that a clear abuse of discretion has occurred. In fact, the facts and circumstances present in this case indicate that the award made was well within the trial court’s broad range of discretion.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All *470 costs of this appeal are assessed to the defendants.
AFFIRMED.