**Ernest E. ADAMS, Plaintiff-Appellant,**

**v.**

**JOHNS–MANVILLE SALES CORPORATION, et al., Defendant-Appellees.**

**No. 82–4550.**

United States Court of Appeals, Fifth Circuit.

March 22, 1985.

Jane Saginaw, Brent M. Rosenthal, Russell W. Budd, Dallas, Tex., for plaintiff-appellant.

Thomas W. Davenport, Jr., Monroe, La., for Eagle-Picher.

George A. Weller, Beaumont, Tex., for Fibreboard Corp.

Dewey J. Smith, Monroe, La., for Celotex Corp.

Orgain, Bell & Tucker, John G. Tucker, Beaumont, Tex., for GAF.

Submission on Certification to The Supreme Court of Louisiana

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA.

TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above styled case in this court involves questions of law of the State of Louisiana that are determinative of the cause, and there appears to be no clear controlling precedent in the decisions of the Supreme Court of Louisiana. This court hereby certifies the following questions of law to the Supreme Court of Louisiana for instructions concerning said questions of law, based on the facts recited herein, pursuant to Rule XII, Louisiana Supreme Court Rules.

1. *Style of the Case*

The certified case is Ernest E. Adams, Plaintiff-Appellant v. Johns-Manville Sales Corporation, et al., Defendants-Appellants, number 82–4550 on the docket of the United States Court of Appeals for the Fifth Circuit and is an appeal from the United States District Court for the Western District of Louisiana.

2. *Stipulated Statement of Facts*

1. Appellant, Ernest E. Adams, initiated this action on July 18, 1979, alleging that he suffered from asbestos-related disease as a result of his exposure to asbestos-containing products manufactured and/or marketed by the thirteen (13) corporations (including appellees, Eagle-Picher Industries, Inc. and GAF Corporation) named as defendants. Adams based his right to recovery on the theory of strict products liability. Adams sought to recover from the defendants compensatory damages for his present injuries, for his increased risk of developing cancer, and for his fear of contracting cancer, which he alleged were all sustained as a result of his exposure to asbestos.

2. During trial, Adams adduced evidence that he worked with and was exposed to asbestos-containing products manufactured by appellees, Eagle-Picher Industries, Inc. and GAF Corporation. He additionally presented evidence that the asbestos-containing insulation products manufactured by appellees, Eagle-Picher Industries, Inc. and GAF Corporation were defective and unreasonably dangerous. In support of his claim that he was injured by his exposure to asbestos-containing products, Adams introduced the testimony of Dr. Eric Comstock. The United States Fifth Circuit Court of Appeals found that Dr. Comstock testified that he had detected abnormal breathing sounds in Adams' lungs, ("crackling rales"), some pleural calcification, and a minimal obstructive ventilatory defect, and that Dr. Comstock's diagnosis was "pleural and parenchymal fibrosis, secondary to exposure to asbestos. That interprets to asbestosis."

3. The United States Fifth Circuit Court of Appeals found that appellees' expert medical witness, Dr. Arthur Tillinghast, testified that Adams had complained of no specific symptoms of asbestos-related disease, and that Dr. Tillinghast testified that x-rays revealed a small amount of calcification and scarring in Adams' lungs, consistent with asbestos exposure. He also noted a small amount of airway obstruction, "probably from the years of smoking." The Court of Appeals further found that Dr. Tillinghast concluded that Adams did not meet the criteria "for being symptomatic from any type of disease," and Dr. Tillinghast was unable to predict, on the basis of his one examination, whether Adams would develop asbestos-related disease in the future.

4. Adams sought to introduce evidence that his asbestos exposure has placed him at an increased risk of various types of cancer, and that such risk had caused him to experience mental anguish. Adams presented no evidence that he had cancer, or, within reasonable medical probability, would contract cancer in the future. The Court, in sustaining a Motion in Limine prior to trial and in rejecting Adams' offer of proof during trial that he had sustained an increased risk of contracting cancer as a result of his exposure to asbestos, strictly prohibited any reference to Adams' alleged increased risk of contracting cancer as a result of his exposure to asbestos and his fear arising therefrom.

5. The jury returned the following findings pertinent to this appeal:

a. That Adams was exposed to asbestos-containing products manufactured by defendants, Eagle-Picher Industries, Inc. and GAF Corporation.

b. That there was a defect in the asbestos-containing insulation products manufactured by Eagle-Picher Industries, Inc. and GAF Corporation to which Mr. Adams was exposed.

c. That the defects of asbestos-containing insulation products manufactured by Eagle-Picher Industries, Inc. and GAF Corporation were not a legal cause of injury to Adams.

d. That Adams had incurred damages in the amount of $0.

6. Adams appealed, arguing that the proffered evidence concerning his increased risk of contracting cancer and his fear arising therefrom forms a proper basis for the award of compensatory damages, and that the answer to jury interrogatory "C" was against the great weight of the evidence. The Court held that the jury had a reasonable basis to make such finding on the basis of the evidence admitted at trial, and on Petition for Rehearing, the United States Court of Appeals, Fifth Circuit, ordered that the issues of the availability of damages for Adams' increased risk of cancer and for mental anguish resulting from such risk be certified to the Supreme Court of Louisiana. 752 F.2d 1004 (5th Cir.1985).

### 3. *Questions Certified*

1. Whether Louisiana law permits a plaintiff in a products liability action to recover damages for an increased risk of contracting cancer in the future in the absence of any evidence that the plaintiff currently has cancer or, within reasonable medical probability, will contract cancer in the future.

2. Whether Louisiana law permits a plaintiff in a products liability action to recover damages for mental anguish arising from his fear of contracting cancer in the future based on evidence that the plaintiff is at an increased risk of contracting cancer but in the absence of any evidence that the plaintiff currently has cancer or, within reasonable medical probability, will contract cancer in the future.

In posing these questions, we intend no limitation or restriction of the review and consideration of the legal issues presented by the Louisiana Supreme Court, for in light of its understanding and perspective of Louisiana law it might view the essential question differently.

The entire record in this case, together with copies of the briefs of the parties, are transmitted herewith.

CERTIFIED.