764 F.2d 1082
 In re AIR CRASH DISASTER NEAR NEW ORLEANS, LOUISIANA ON JULY
9, 1982.
Arthur TUDELA, Plaintiff-Appellee, Cross-Appellant,
v.
PAN AMERICAN WORLD AIRWAYS, INC., United States Aviation
Underwriters, Incorporated, the Boeing Company and
Federal Aviation Administration,
Defendants-Appellants, Cross-Appellees.
 No. 84-3303.
 United States Court of Appeals,
Fifth Circuit.
 June 26, 1985.
 
 Deutsch, Kerrigan & Stiles, Francis G. Weller, Darrell K. Cherry, New Orleans, La., for defendants-appellants, cross-appellees.
 Mopeik & Cerullo, Norman Mopsik, Thomas Cerullo, New Orleans, La., for plaintiff-appellee, cross-appellant.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before WISDOM, TATE and DAVIS, Circuit Judges.
 DAVIS, Circuit Judge:
 
 
 1
 This appeal presents another claim arising from the crash of Pan American World Airways flight 759 in Kenner, Louisiana, on July 9, 1982. This case presents only one question of any note--whether Louisiana law permits a plaintiff to recover for mental trauma caused by exposure to the results of a defendant's negligence, when the plaintiff has suffered no physical injury or property damage and was in no physical danger. For the reasons discussed below, we conclude that it does not.
 
 
 2
 Arthur Tudela owned a home in the 1600 block of Hudson Street in Kenner, the block in which flight 759 crashed. At the time of the crash, Tudela and his family were in their automobile about three blocks from the crash site. Observing smoke in the area, Tudela made his way toward his home on foot. He found his home undamaged, but along the way observed the general devastation wrought by the crash. He remained in the area for some time assisting in rescue efforts.
 
 
 3
 For several weeks following the crash, Mr. Tudela experienced a great deal of anxiety, primarily related to the dire consequences to himself and his family which might have ensued from the crash. He also had nightmares concerning the crash, and experienced visual "flashbacks" of his experiences while serving in Vietnam. Mr. Tudela consulted a psychiatrist, who reported that these mental disturbances were symptoms of a post-traumatic stress disorder directly caused by the crash. According to the psychiatrist, Tudela's experiences in the immediate aftermath of the crash had caused previously dormant memories from his Vietnam service to resurface. Tudela also asserts that in making his way to his home he aggravated a pre-existing back injury, which caused him additional injury and pain.
 
 
 4
 In this suit against Pan Am, Tudela sought damages for the following items: 1) property damage; 2) past and future mental pain and suffering; 3) past and future physical pain and suffering; 4) past and future medical expenses of a psychiatric nature; 5) past and future medical expenses for physical injury; 6) past loss of income; 7) future loss of income. A jury awarded Tudela $2,500 for past and future mental pain and suffering and $1,000 for past and future medical expenses of a psychiatric nature, but awarded no damages for the remaining claims. Tudela moved for a new trial; Pan Am moved for judgment notwithstanding the verdict on the pain and suffering and medical expenses awards. Both motions were denied.
 
 
 5
 In this appeal, Pan Am argues that as a matter of Louisiana law Tudela is not entitled to the verdicts which he received. In a cross appeal, Tudela urges that the verdicts for mental suffering and medical expenses are inadequate, the verdicts on the other items of damages are clearly wrong, and that newly discovered evidence requires that he be granted a new trial.
 
 I.
 
 6
 In support of the verdict for mental suffering and medical expenses, Tudela argues generally that Louisiana law allows recovery for mental anguish caused by a defendant's wrongful conduct. Louisiana does indeed allow recovery for fright, fear or mental anguish in many situations.[1] There are, however, significant limits on the circumstances in which a plaintiff may recover for these items of damage. For example, when the mental injury is caused by property damage, recovery is allowed only in limited circumstances (not relevant, of course, here).[2] In addition, recovery is generally not allowed for anguish caused by injury to another person or by the sufferings of another person. See LeConte v. Pan American World Airways, 736 F.2d at 1020-21.
 
 
 7
 The Louisiana cases which come closest to supplying Tudela with a theory of recovery are those allowing damages for "fright, fear or mental anguish" sustained while an ordeal is in progress.[3] All of these cases, however, involve an individual who was directly exposed to or involved in an accident carrying some possibility of harm or physical danger. We have found no Louisiana case which allows recovery in circumstances analogous to those of the instant case; indeed we have found no Louisiana case in which a claim for mental suffering was based on circumstances analogous to these. Tudela suffered no property damage or physical injury, and like the plaintiffs in LeConte v. Pan American World Airways, he was "outside any zone of danger created by defendant's alleged negligence." 736 F.2d at 1021. In LeConte we held that two plaintiffs who allegedly suffered "nausea, vomiting, insomnia, nightmares, nervousness and anxiety" as a result of their performing various tasks in the aftermath of the crash could not recover under Louisiana law, since that law prohibits a bystander recovering damages for mental anguish caused by another's injury or death. Id. Tudela argues that his injury was caused by his exposure to the "total environment" of the crash. Since the total environment of the crash consisted of injury to the person and property of others and the efforts made to alleviate these injuries, Tudela's position is indistinguishable from those of the plaintiffs in LeConte. We must conclude that Louisiana law furnishes no basis under which Tudela may recover for any mental injury caused by his experiences in the aftermath of the crash of flight 759.
 
 II.
 
 8
 In his cross appeal, Tudela has alleged that newly discovered evidence, a typographical error in one of his medical records, requires that his motion for a new trial be granted. Tudela has not explained how this typographical error confused the jury, or what difference correction of the error would have made in his expert witness' testimony. We therefore find this contention to be without merit. Tudela's challenge of the sufficiency of the evidence supporting the jury's other verdicts is also without merit.
 
 
 9
 The award in favor of plaintiff for mental suffering and medical expenses of a psychiatric nature was erroneous and the case is remanded for entry of judgment in favor of defendant on all issues.
 
 
 10
 AFFIRMED in part.
 
 
 11
 REVERSED in part.
 
 
 12
 REMANDED.
 
 
 
 [1]
 See Turgeau v. Pan American World Airways, 764 F.2d 1084 (5th Cir.1985); LeConte v. Pan American World Airways, 736 F.2d 1019, 1020-21 (5th Cir.1984)
 
 
 [2]
 See Turgeau v. Pan American World Airways, 764 F.2d 1084 at 1087; Meshell v. Insurance Company of North America, 416 So.2d 1383, 1387 (La.App. 3d Cir.1982)
 
 
 [3]
 See, e.g., Butler v. Pardue, 415 So.2d 249, 252 (La.App. 2d Cir.1982); Chapetta v. Bowman Transportation, Inc., 415 So.2d 1019, 1022 (La.App. 4th Cir.1982); Carroll v. State Farm Insurance Company, 427 So.2d 24, 26 (La.App. 3d Cir.1983); Hoffman v. All Star Insurance Corp., 288 So.2d 388, 394 (La.App. 4th Cir.), writ ref'd, 290 So.2d 909 (La.1974)