Frank N. HARPER, et al.,
Plaintiffs-Appellants,

v.

ILLINOIS CENTRAL GULF RAIL-
ROAD, Defendant-Appellee.

No. 86–3057.

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1987.

Mary E. Heck, Lewis O. Unglesby, Unglesby & Brown, Baton Rouge, La., for plaintiffs-appellants.

David S. Kelly, Lemle, Kelleher, Kohlmeyer & Matthews, John C. Reynolds, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge,
WISDOM, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

This appeal presents questions concerning the propriety of trial rulings that prohibited the plaintiffs from presenting evidence offered to prove mental anguish. We hold that the district court's rulings were proper because the plaintiffs failed to establish any basis for recovery for their alleged mental anguish. The plaintiffs' evidence of mental anguish was therefore irrelevant and was properly excluded.

The plaintiffs in this action are Mr. and Mrs. Frank N. Harper and their son Frank, Jr. A train owned by the defendant, Illinois Central Gulf Railroad Company, derailed in Livingston, Louisiana, over one mile from the Harpers' home. The train was transporting chemicals at the time. When the train derailed, an explosion occurred which the Harpers heard. Thinking that a gas main had exploded, the Harpers left their home and went to the home of a relative. While there, they learned that a train had derailed. The Harpers then returned to their home and went about their usual activities. Later that afternoon, another explosion occurred. The Harpers once again left their home and went to stay with a relative.

Shortly after the initial explosion, the Louisiana State Police Hazardous Materials Response Team established an evacuation zone of approximately one-half mile from the site of the derailment. Following the second explosion, the police expanded the evacuation zone, and as expanded, the zone included the Harpers' home. The zone was expanded for prophylactic reasons. Although people living as far away from the derailment site as the Harpers were in no danger, the police took the precaution to prevent the possibility of exposure to potentially harmful gases or airborne contaminants. The Harpers were not allowed to return to their home for two weeks.

The Harpers brought suit in state court against Illinois Central, and the case was removed to the United States District Court for the Middle District of Louisiana. Illinois Central admitted liability; a trial was held on the damages issue. Following trial, a jury awarded the Harpers $14,252 in property damages, lost wages, and general damages. On appeal, the Harpers contend that the district court improperly excluded evidence related to their claims for mental anguish arising out of the derailment. We affirm.

The plaintiffs first argue that the District Court erred in ruling that absent competent evidence of exposure to a potentially harmful chemical, no evidence could be presented concerning the dangerous properties of the chemicals aboard the train. The plaintiffs contend that the evidence of these dangerous properties was relevant to their claims for mental anguish resulting from fear of future health hazards caused by exposure to these chemicals.

The trial court properly excluded the evidence of the properties of the chemicals. Louisiana "do[es] not recognize any right of recovery for mental anguish arising from fear of future complications from an unproven event."[1] Absent competent evidence of exposure to the chemicals, the plaintiffs cannot recover for mental anguish resulting from fear of future health hazards posed by exposure. Evidence of

1. *Adams v. Johns-Manville Sales Corp.,* 783 F.2d 589, 593 (5th Cir.1986).

such health hazards is therefore irrelevant.[2]

The plaintiffs argue, however, that precise data on the exact degree of exposure to each chemical was not available. But such precision is not required, and the plaintiffs were aware of that fact. The record does not show that the plaintiffs intended to prove actual exposure. Indeed, it is clear from the record that the plaintiffs did not even attempt to use meteorological data and reconstructive modeling to prove exposure. Rather, it appears likely that the plaintiffs hoped to introduce evidence of the hazardous and carcinogenic properties of the chemicals aboard the derailed train with the thought that these hazards would incite the passions and fears of the jury. Such highly inflammatory and prejudicial evidence was properly excluded absent proof by competent evidence that the plaintiffs had been exposed.

■ The plaintiffs also contend that the district court erred in refusing to allow them to introduce expert medical testimony concerning mental anguish suffered as a result of the derailment. Again we hold that the district court correctly determined that the plaintiffs had failed to establish any basis upon which they could recover damages for mental anguish. The record reveals that neither theory upon which plaintiffs sought recovery for mental anguish supports their claim. The expert testimony was therefore irrelevant and properly not admitted.

■ The plaintiffs' first theory is that an individual may recover damages for mental anguish caused by undergoing an ordeal in progress. There is no question that Louisiana permits a plaintiff in certain circumstances to recover for fear and mental anguish sustained while a traumatic ordeal is in progress regardless of whether the plaintiff sustained physical injury.[3] To recover for such mental anguish, however, an individual must show that he was involved in a hazardous situation—that is, within the zone of danger—and that his fear was reasonable given the circumstances.[4] The plaintiffs were never in any immediate danger of personal injury. The plaintiffs were never closer to the scene of the accident than one mile, and the record reveals beyond question that there was no immediate risk to any person more than one-half of a mile away. The evacuation zone included the plaintiffs' home as a precautionary matter. Because the plaintiffs were not within the zone of danger, they cannot recover for "undergoing an ordeal in progress".[5]

■ The plaintiffs' second theory for recovery of damages for mental anguish is similarly misplaced. The plaintiffs argue that the explosions following the derailment caused property damage to their residence and that mental anguish caused by damage to property occurring while the owner is present is recoverable under Louisiana law. The plaintiffs, however, fail to appreciate what this court said in *Turgeau v. Pan American World Airways, Inc.:*[6]

The Louisiana decisions which have allowed recovery for mental anguish when property was damaged in the owner's presence typically involve situations in which the damage was sudden, the realization of damage on the part of the owner equally sudden, and the mental

**2.** *Id.* ("[A plaintiff] cannot predicate error on the court's refusal to allow him to prove fear of a complication from an injury that the proof does not show he ever suffered.").

**3.** *Turgeau v. Pan American World Airways, Inc.,* 764 F.2d 1084, 1087 (5th Cir.1985).

**4.** *LeConte v. Pan American World Airways, Inc.,* 736 F.2d 1019, 1021 (5th Cir.1984); *Tudela v. Pan American World Airways, Inc.,* 764 F.2d 1082, 1083–84 (5th Cir.1985); *Turgeau,* 764 F.2d at 1088–89.

**5.** Given the circumstances of the derailment and the actions of the plaintiffs on the date of the accident, there is reason to doubt that the plaintiffs could prove that they feared for their personal safety and that those fears were reasonable.

**6.** 764 F.2d 1084 (5th Cir.1985); *see also Bode v. Pan American World Airways, Inc.,* 786 F.2d 669 (5th Cir.1986).

distress clearly caused by the property damage.[7]

When the plaintiffs' claims are considered in the light of *Turgeau* and the Louisiana cases upon which that decision relies, it is clear that those claims are without merit for several reasons. First, the plaintiffs did not see the damage occur.[8] Indeed, the plaintiffs did not even notice the damage until they returned to their home two weeks after the derailment. Moreover, the damage to the plaintiffs' property was relatively minor—cracks in the brick fireplace, loosened ceiling tiles, and buckled floor tiles. And from outward appearances, the property was undamaged. This type of property damage in these circumstances is insufficient to support the plaintiffs' claims for mental anguish.[9]

We conclude that because the plaintiffs failed to offer competent evidence of exposure to any of the chemicals aboard the derailed train, the district court properly excluded evidence of the properties of those chemicals. Moreover, the district court properly excluded the plaintiffs' expert testimony concerning their alleged mental anguish because they had failed to establish any basis upon which they could recover for that anguish. The district court's actions were necessary to prevent the jury from being swayed in its decision by irrelevent evidence that would have been highly prejudicial. The judgment of the district court is therefore AFFIRMED.

---

7. *Id.* at 1088.

8. *See Mayo v. Borden, Inc.,* 784 F.2d 671, 673 (5th Cir.1986) ("The Louisiana courts have allowed recovery for ... mental anguish extant in situations involving the damages of property *in view.*") (emphasis added); *see also Farr v. Johnson,* 308 So.2d 884, 886 (La.Ct.App.), *writ denied,* 310 So.2d 854; 315 So.2d 143 (La.1975).

9. *See generally Turgeau,* 764 F.2d 1084.