521 So.2d 530 (1988)
Erwin Joseph BLACHE, et al.
v.
Athalia Byrd JONES, et al.
No. CA-8332.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
Terence L. Hauver, Lowe, Stein, Hoffman & Allweiss, New Orleans, for plaintiffs-appellants, Erwin Joseph Blache, et al.
C. Michael Pfister, Duplass, Witman & Zwain, New Orleans, for defendant-appellee, Allstate Ins. Co.
Patrick F. Lee, Ward & Clesi, New Orleans, for defendants-appellees, State Farm Fire and Cas. Co. and Joan Gordon Owens.
William A. Porteous, III, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant-appellee, Athalia Byrd Jones.
Before BYRNES, WARD and WILLIAMS, JJ.
WARD, Judge.
Edwin and Susan Blache sued the parents and homeowner's insurers of several minor children, alleging that the children caused property damage to their home in Orleans Parish in June 1985. In addition to their claim for property damage, the Blaches alleged that they suffered emotional distress and mental anguish because of the property damage and are entitled to be compensated for these non-pecuniary losses.
Prior to trial, defendants moved for partial summary judgment claiming that the non-pecuniary damages sought by the *531 Blaches were not recoverable under Louisiana law and that, evidence pertaining to these losses should not be presented to the jury. The Trial Judge granted the motions, dismissing the Blaches' claims of damages for inconvenience, emotional distress, anxiety, worry, humiliation and all other non-pecuniary damages arising from the loss of, and damage to, their property. The Blaches appeal. We reverse the partial summary judgment and order the non-pecuniary damage claims and related evidence to be presented to the jury.
In Louisiana, an award for mental anguish resulting from property damage is permissible in limited situations: (1) when property is damaged by an intentional or illegal act; (2) when property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) when property is damaged by acts constituting a continuing nuisance; or (4) when property is damaged when the owner is either present or nearby and suffered a psychic trauma as a direct result. First of Georgia Insurance Co. v. Cohen, 398 So.2d 1209 (La.App. 4th Cir.1981); Turgeau v. Pan American World Airways, 764 F.2d 1084 (5th Cir. 1985).
These situations outlined in the jurisprudence are neither inflexible nor exclusive, but were developed to insure that recovery for mental injury is allowed only when the injury, and its causal relation to the property damage, is clearly established. Elston v. Valley Electric Membership Corp., 381 So.2d 554 (La.App. 2nd Cir. 1980). Furthermore, the mental anguish must be a real mental injury; the usual worry or inconvenience over the consequences of property damage will not justify an award for mental anguish. Robertson v. Geophysical Service, Inc., 469 So.2d 22 (La.App. 1st Cir.1985).
The Blaches' primary theory of recovery for mental anguish is based on the allegation that the damage was caused by an intentional and/or illegal act. Although only the petition was before the Trial Judge on the motion, the petition alleges that the minor children entered the Blaches' home without permission, allowed a fire to ignite while they were in the home and took possessions belonging to the Blaches when they left the home. These actions, it is alleged, caused loss of, and damage to, the Blaches' property. We find these allegations sufficient to defeat defendants' motions for summary judgment because damages for emotional distress and mental anguish over property loss or damage caused by an intentional and/or illegal act are compensable if the injury and causation are proved. See, Hayward v. Carraway, 180 So.2d 758 (La.App. 1st Cir.1965).
On the face of the petition it does not appear that the Blaches' alleged mental injury amounts to mere worry or inconvenience. The petition alleges substantial damage to the Blaches' home and its contents as well as significant mental distress resulting directly from the incident. Indeed, the damages requested by the Blaches include compensation for their mental distress over the loss of irreplacable items such as family photographs and memorabilia. Depending on the testimony at trial, emotional injury associated with the loss of this particular type of item might be compensable. Broome v. Gauthier, 443 So.2d 1127 (La.App. 4th Cir.1983), writ denied, 445 So.2d 449 (La.1984).
Defendants argue that the intentional/illegal act theory is inapplicable in the instant case because it was the minor children, and not the defendant parents, who committed the intentional or illegal acts. This argument is without merit because the intentional act theory, we believe, must encompass a situation where minor children have committed intentional acts for which their parents are strictly liable. Shulze v. Perry, 427 So.2d 467 (La.App. 5th Cir.1983).
Defendants argue generally that the Blaches cannot recover damages for mental injury associated with property loss because they did not observe the damage as it occurred. The Blaches were vacationing out-of-state at the time of the incident and did not see their home until after the fire was extinguished. To support their position, defendants offer the clearly distinguishable *532 case of Harper v. Illinois Central Gulf Railroad, 808 F.2d 1139 (5th Cir.1987). In Harper, where there was no intentional or illegal act, the plaintiffs only offered two theories of recovery to support their claims for non-pecuniary losses caused by property damage which occurred when a train derailed near their home. Plaintiffs first sought damages for mental anguish for having experienced an ordeal in progress, but were unsuccessful because the Court found that plaintiffs were not in the "zone of danger" as the derailment occurred one mile from their house. Plaintiffs next sought damages claiming that they were present when their property was damaged, but this argument was also unsuccessful because the Court found that the plaintiffs had not in fact seen the damage occur and, at any rate, the damage was minor. The Harper case, therefore, does not preclude the Blaches' recovery for mental injury which is based on a theory not applicable in Harper.
Moreover, a plaintiff's personal observation of damage being done is, as explained above, only one of several situations where damages for mental anquish may be awarded. It is not a prerequisite in every case and has not been applied as such in Louisiana. See, for example, Elston, supra and Daquano v. Brady, 242 So.2d 302 (La.App. 2nd Cir.1970).
Thus, we hold that the Trial Judge erred by determining that the Blaches failed to plead any basis upon which they could recover for mental anguish caused by the loss of, and damage to, their property. Based upon the facts alleged in the petition, Louisiana law does not preclude an award for mental injury due to property loss or damage to the Blaches. Accordingly, we reverse the Trial Judge's decision to grant the motion for partial summary judgment and remand the case for trial allowing the jury to consider all of the Blaches' damage claims. All costs of this appeal are assessed to defendants.
REVERSED AND REMANDED.