# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 99-30809
(Summary Calendar)

JAMES SUBLETT,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
(98-CV-64-M1)

August 10, 2000

Before HIGGINBOTHAM, EMILIO M. GARZA,  and STEWART, Circuit Judges

PER CURIAM:[*]

This case involves a personal injury action against Wal Mart Stores, Inc. ("Wal

Mart"). Although the district court found as a matter of law that Wal Mart was

---

[*]Pursuant to 5ᵀᴴ CɪR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

negligent, nonetheless the jury found that Wal Mart's negligence was not the legal cause of the plaintiff's injury. For the reasons assigned below, we affirm the jury's verdict.

## FACTS

James Sublett ("Sublett") was shopping on an aisle in a Wal Mart store. On the other side of the aisle, Wal Mart employees were stacking boxes of golf balls and other items. While the employees were stacking the boxes, the boxes accidently fell on the other side of the aisle where Sublett was shopping. The parties disputed at trial whether the boxes actually struck Sublett. Sublett claimed that the boxes struck him causing physical injuries. He also claimed that his sudden movement in an attempt to avoid being hit by the boxes caused physical injuries. Additionally, he claimed that he sustained "mental injuries" from the incident.

Sublett filed a personal injury action against Wal Mart in Louisiana district court. Wal Mart removed the case to federal district court under diversity jurisdiction. Both parties presented evidence and at the conclusion of trial, Sublett moved for judgment as a matter of law under Fed.R.Civ.Proc. 50 ("Rule 50") on the issues of negligence and causation. The district court granted Sublett's Rule 50 motion on negligence, but denied his motion on causation and submitted the issue to the jury. The jury returned with a verdict which found that Wal Mart's negligence was not the legal cause of

2

Sublett's injuries. Sublett now challenges the evidentiary sufficiency of the jury's verdict.

DISCUSSION

As stated above, Sublett moved for a Rule 50 Judgment as a Matter of Law ("JMOL") at the close of all evidence on the issues of negligence and causation. The district court granted the JMOL on negligence, but denied the JMOL on causation. Our review of the record does not show that Sublett renewed his Rule 50 motion after the jury returned its verdict. Thus, we must address whether Sublett's challenge to the evidentiary sufficiency of the verdict was preserved for appellate review.

"To fully preserve error on appeal for failure to grant a motion for judgment, the moving party must file both a pre-verdict Rule 50(a) motion at the close of all the evidence and the renewed Rule 50(b) motion." Satcher v. Honda Motors, 52 F.3d 1313, 1315 (5th Cir. 1995). Failure to renew timely the request for Rule 50 relief after the jury has returned its verdict "may result in a waiver of the right to challenge the sufficiency of the evidence." Scottish Heritable Trust, PLC v. Peat Marwick Main & Co., 81 F.3d 606, 610 (5th Cir. 1996).

However, we excuse technical noncompliance with Rule 50 where its basic purposes have been met. MacArthur v. University of Texas Health Center, 45 F.3d 890, 896-98 (5th Cir. 1995). McCann v. Texas City Refining, Inc., 984 F.2d 667, 671 (5th

3

Cir. 1993)("In the past, the Court has been willing to excuse certain de minimus departures from technical compliance with Rule 50(b)"). The two basic purposes of Rule 50(b) are "to enable the trial court to re-examine the question of evidentiary insufficiency as a matter of law if the jury returns a verdict contrary to the movant, and to alert the opposing party to the insufficiency before the case is submitted to the jury." See id (citing Bohrer v. Hanes Corp., 715 F.2d 213, 216 (5th Cir. 1983)).

In the instant case, Sublett's failure to renew his Rule 50(b) motion amounts to more than just a technical noncompliance because the trial court was not given the opportunity to address the sufficiency of the evidence after the jury rendered its verdict. As such, Sublett's failure to renew his motion constitutes a waiver. Therefore, we review for plain error. Logal v. United States, 195 F.3d 239, 241 (5th Cir. 1999). Under plain error review, the jury verdict shall stand unless Sublett shows that there was not any evidence to support the verdict. See McMann, 984 F.2d at 673.

A. Physical Injuries

Sublett claims that he sustained physical injuries to his back and neck that resulted from the boxes of golf balls striking him on the head. He also claims that he sustained physical injuries when he attempted to avoid the falling boxes. To support his claims, he points the court to testimony from the physicians that examined him after the incident. The physicians essentially testified that the neck and back injuries that

4

Sublett complained of were consistent with the incident that Sublett alleged occurred at the Wal Mart store.

Sublett was the only witness who testified that the boxes struck him. Sublett complained that the boxes produced a lump on his head when they struck him. However, the doctor who examined Sublett at the emergency room indicated on his report that he detected no visible signs of a physical injury. Additionally, Sublett's son testified that he and his father were involved in an automobile accident approximately three weeks prior to the Wal Mart incident.

Thus, Sublett's testimony was the only evidence that purported to establish that the boxes struck him. Additionally, Sublett's testimony on cross-examination reveals inconsistencies regarding whether Sublett had told the treating emergency room physician that he was taking medication for pre-existing injuries. Thus, when the trial record is reviewed in toto, Sublett fails to show that there was no evidence to support the jury's finding that Wal Mart's negligence was not the legal cause of his physical injuries.

B.    Fear and Mental Anguish

Sublett claims that the jury erred by not finding that the accident caused him fear and mental anguish. Because this case comes to us under our diversity jurisdiction, we

are bound to apply Louisiana substantive tort law, but the sufficiency or insufficiency of the evidence in relation to the verdict is "indisputably governed by a federal standard." See Jones v. Wal-Mart Stores, Inc., 870 F.2d 982, 986 (5th Cir. 1989). Under Louisiana law, a plaintiff may, in certain circumstances, recover for fear and mental anguish sustained while a traumatic ordeal is in progress, regardless of whether the plaintiff sustained physical injury. See Rivera v. United Gas Pipelines, Co., 697 So.2d 327, 337 (La. App. 5 Cir. 1997); see also Harper v. Ill. Cent. Gulf R.R., 808 F.2d 1139 (5th Cir. 1987). To recover for mental anguish and fear, the plaintiff must show that "he was involved in a hazardous situation–that is, within the zone of danger–and that his fear was reasonable given the circumstances." Id., 697 So.2d at 327-28.

Our review of the record does not reveal objective evidence to prove that Sublett experienced fright or mental trauma that is compensable under Louisiana law. Sublett did not produce objective evidence to show that as a result of being frightened, he required medical attention or had any residual psychological problems. To meet his burden, Sublett relied solely on his self-serving testimony, which the jury necessarily chose not to credit. As such, Sublett fails to show that the jury's verdict regarding his claim for mental anguish and fear lacks evidentiary support. See Lennard v. State Farm Mutual Automobile Ins. Co., 649 So.2d 1114, 1122 (La. App. 2 Cir. 1995)(automobile

6

accident victims did not show compensable fear or mental anguish where the claims were not supported by objective evidence).

CONCLUSION

We AFFIRM the district court's denial of Sublett's motion for a Judgment as a Matter of Law and AFFIRM the jury's verdict.

AFFIRMED.