**Leorrice SMITH, et al.,**
**Plaintiffs–Appellees,**

v.

**A.C. & S., INC., et al.,**
**Defendants–Appellants.**

**No. 87–4490.**

United States Court of Appeals,
Fifth Circuit.

May 2, 1988.

David L. Hoskins, Thomas M. Bergstedt, Lake Charles, La., for defendants-appellants.

William Baggett, Lake Charles, Paul D. Henderson, Martin Dies, Orange, Tex., for plaintiffs-appellees.

Before VAN GRAAFEILAND,[*] JOHNSON and JOLLY, Circuit Judges.

JOHNSON, Circuit Judge:

This Circuit has previously held that a plaintiff may recover damages for serious mental distress arising from fear of developing cancer. *Hagerty v. L & L Marine Services, Inc.*, 788 F.2d 315 (5th Cir.), *modified on denial of reh'g en banc*, 797 F.2d 256 (1986). The instant case requires this Court to determine the requisite proof which must be proffered by a plaintiff to sustain a recovery for that fear. We conclude that, as a threshold matter, a plaintiff seeking recovery for fear of cancer must present evidence of his specific fear of that condition. Since, in the instant case, the plaintiff Leorrice Smith failed to testify as to his fear of cancer, but only stated that he was generally concerned about his future health, the trial court abused its discretion in allowing Smith's medical expert to testify on the carcinogenic effects of Smith's ailment. We must, therefore, reverse and remand.

I. *Facts and Procedural History*

Plaintiff Leorrice Smith, a 75 year old man, spent the majority of his working life as an industrial sheet metal worker in Orange, Texas, and Lake Charles, Louisiana. During the course of his work as an industrial sheet metal worker, Smith sustained extensive exposure to asbestos dust. Smith eventually took normal retirement at

[*] Circuit Judge of the Second Circuit, sitting by designation.

the age of 65. Thereafter, Smith and his wife filed the instant suit for damages for personal injuries allegedly resulting from an occupational exposure to asbestos. The named defendants include A.C. & S., Inc., Celotex Corporation, Eagle–Picher Industries, Inc.. Fibreboard Corporation, GAF Corporation, Keene Corporation, Owens–Corning Fiberglas Corporation, Owens–Illinois, Inc., and Pittsburgh Corning Corporation (hereafter collectively referred to as ACF).[1]

Prior to trial, ACF filed a Motion in Limine to exclude at trial any evidence relating to Smith's increased risk of cancer or fear of cancer. ACF later orally reurged the same motion on the morning of the trial. Because Smith's medical expert, Dr. Gary Friedman, was not able to state that Smith had a greater than 50% chance of contracting cancer in the future, the district court expressed an inclination at that time not to allow the cancer evidence; however, no definitive ruling was made before trial. At trial, both parties delivered their opening statements without mention of cancer or the carcinogenic aspects of asbestosis.

Smith then testified that he was aware that his disease (asbestosis) is progressive and incurable. Additionally, Smith stated that he was slowly growing weaker, had become short of breath over the past two to three years, and was very much concerned about his condition and future health. Significantly, Smith never testified as to his specific fear of contracting cancer; rather, Smith generally expressed concern about his future health. During the testimony of Smith's medical expert, Dr. Friedman, Smith's attorney sought to present to the jury pictures depicting cancerous conditions of the lung. ACF objected to the introduction of cancer evidence, whereupon the jury was excused to allow discussion between the parties and the court on the evidentiary issue. The district court, over ACF's objection, permitted the introduction

of evidence of Smith's fear of developing cancer, including evidence in the form of testimony by Dr. Friedman as to the malignant and benign diseases caused by asbestos. However, because Smith could not prove that he had a greater than 50% chance of contracting cancer in the future, the district court excluded evidence of an increased risk of developing cancer, including the photographs of cancerous conditions. In making this evidentiary ruling, the district court stated:

> I will not let any evidence in concerning the increased risks of contracting cancer in the future because of reasons heretofore stated. This man has already stated that he is worried about his health. I think that suffices. If you want to call him and ask him if he's afraid of getting cancer, that's fine with me. That's what he obviously is afraid of, that's what is concerning him.

Inexplicably, Smith's attorney declined the express invitation of the district court to recall Smith to the stand so that Smith could testify as to his fear of contracting cancer.

Following the district court's ruling, the jury was recalled and Dr. Friedman testified that Smith suffered from asbestosis, a benign condition which can cause malignant diseases in the chest. At this point, the district court instructed the jury that while Smith could not recover for the increased risk of cancer, evidence of Smith's fear of cancer was admissible. The court further instructed that questions such as the existence and veracity of an individual's fear of cancer are questions for the jury to resolve. After this instruction, further evidence relating to Smith's fear of cancer was introduced through Dr. Friedman's testimony.

Following Dr. Friedman's testimony, ACF moved for a mistrial on the basis that evidence of Smith's increased risk of cancer was improperly admitted. The district

---

1. In Smith's original complaint, approximately twenty-three defendants were named. Subsequent to the filing of the initial complaint, eleven of those defendants were dismissed and two others settled with the Smiths prior to trial.

The defendants-appellants in this action are all participants in the Asbestos Claims Facility (ACF), and are hereafter referred to collectively as ACF.

857

court promptly denied ACF's motion, noting that while Smith had not used the specific word "cancer," Smith did state that he was concerned for his future health. Thereafter, ACF cross-examined Dr. Friedman concerning whether Smith was suffering from cancer or a pre-cancerous condition. Subsequent to the testimony of Dr. Friedman, no evidence pertaining to Smith's fear of cancer was presented by either party. Smith's attorney did attempt to cross-examine ACF's medical expert, Dr. Robert Jones, on asbestos as a carcinogen; however, the district court sustained ACF's objection to such cross-examination on relevance grounds.

After closing arguments, the district court instructed the jury on the issue of fear of cancer. Specifically, the district court stated that to recover damages for fear of cancer, "a plaintiff must prove by a preponderance of the evidence that he suffers from a real, reasonable and specific fear of cancer distinct from that fear of cancer which all persons have. One cannot recover for fear of cancer unless it is shown that that fear is reasonable...." The jury then returned a verdict for Smith in the amount of $75,000. The jury found that Mrs. Smith sustained no damages for her alleged loss of consortium as a result of Mr. Smith's exposure to asbestos. A formal judgment reflecting the jury verdict was entered on June 18, 1987, from which ACF timely appeals.

On appeal, ACF maintains that because Smith failed to articulate his specific fear of cancer as a result of his exposure to asbestos, the district court erred in admitting evidence of Smith's fear of cancer through Dr. Friedman's testimony, and also erred in instructing and charging the jury on the issue of fear of cancer. Additionally, ACF argues that the amount of damages awarded to Smith is excessive. Because we conclude that the trial court

erroneously admitted the cancer evidence, we reverse and remand without addressing whether the damage award is excessive.[2]

## II. Discussion

At the outset, we note that neither Smith or ACF disputes the principle that damages for fear of cancer—"cancerphobia"—are recoverable. Rather, the basis of ACF's appeal is that Smith failed to lay the proper evidentiary foundation for the admissibility of evidence from his medical expert pertaining to his fear of cancer. Specifically, ACF argues that Smith stated only twice in general terms that he was concerned about his future health and his condition. This testimony by Smith, ACF asserts, was not sufficient to establish that Smith suffered an actual fear of contracting cancer as a result of his asbestos exposure. In response, Smith asserts that because he established that he was suffering asbestosis and that he was concerned about his future health, the proper evidentiary foundation was laid for his medical expert's testimony regarding cancer and the court's instruction to the jury on fear of cancer.

Appellate review of evidentiary rulings is confined to determining whether the trial judge abused his discretion. *Turgeau v. Pan American World Airways, Inc.*, 764 F.2d 1084, 1090 (5th Cir.1985). In making his evidentiary ruling, the district court primarily relied on this Court's opinion in *Hagerty v. L & L Marine Services, Inc.*, 788 F.2d 315. In *Hagerty*, the Court, in the context of a Jones Act claim, concluded that while a plaintiff may not recover for the increase in a risk of contracting cancer, he may recover for present distress or anxiety due to a fear of contracting cancer in the future. The *Hagerty* Court stated:

> With or without physical injury or impact, a plaintiff is entitled to recover damages for serious mental distress aris-

---

**2.** Smith asserts that ACF should be foreclosed from complaining on appeal that the district court erroneously admitted cancer evidence due to the fact that ACF cross-examined Dr. Friedman on the issue of cancer, ACF's medical expert briefly mentioned pre-cancerous conditions of the lung, and ACF submitted a proposed jury charge on recovery for fear of cancer. We do

not agree. ACF continually objected to the admission of any evidence of cancer throughout the trial. ACF also timely objected to the instruction. Finally, ACF submitted its charge only after the district court ruled, over ACF's objection, that the issue of fear of cancer would be submitted to the jury and that evidence would be admitted on that issue.

ing from fear of developing cancer where his fear is reasonable and causally related to the defendant's negligence. The circumstances surrounding the fear-inducing occurrence may themselves supply sufficient indicia of genuineness. It is for the jury to decide questions such as the existence, severity and reasonableness of the fear.

*Id.* at 318. Thus, "cancerphobia" is merely a specific type of compensable mental anguish or emotional distress. *Id.* Louisiana jurisprudence specifically recognizes the right of a plaintiff to recover damages for mental anguish resulting from the fear of developing a condition as a result of a present injury. This recovery is permissible despite the fact that the plaintiff may not presently suffer from the feared condition at the time he or she is seeking damages or does not ever develop the condition in the future. That is, the compensable injury is not the feared condition; instead, the compensable injury is the mental anxiety resulting from fear of developing that condition which the plaintiff endures on a daily basis. *See Anderson v. Welding Testing Laboratory, Inc.,* 304 So.2d 351, 353 (1974) (Plaintiff allowed to recover for anxiety and mental anguish resulting from fear that radiation burn on hand might result in cancerous growth and loss of fingers.); *Heider v. Employers Mutual Liability Ins. Co.,* 231 So.2d 438, 442 (La.Ct. App.1970) (Plaintiff allowed to recover for fear of becoming an epileptic as a result of head injury suffered in an automobile accident.).

While it is well-established that an individual may recover damages for fear of developing cancer, the quantum of proof necessary to support a recovery for that fear is unclear. In this respect, we are guided only by the Court's language in *Hagerty* that "a plaintiff is entitled to recover damages for *serious mental distress* arising from fear of developing cancer...." 788 F.2d at 318 (emphasis added). In the instant case, ACF essentially claims that an individual seeking to recover for fear of developing cancer must articulate that specific fear. This specificity, ACF argues, is especially important in

cases involving "cancerphobia" due to the highly inflammatory and prejudicial impact of cancer evidence on the minds of jurors.

A review of the relevant cases supports a conclusion that a plaintiff seeking recovery for mental anguish resulting from fear of developing a condition from a present injury must introduce evidence of his particular fears with some specificity, instead of generally indicating concern for his future health. For instance, in *Hagerty,* the plaintiff testified that he knew the chemical to which he was exposed and which caused him injury was a carcinogen. Additionally, the plaintiff testified that he saw a doctor after the chemical exposure who advised him to undergo periodic medical testing for cancer. 788 F.2d at 318–319. In *Adams v. Johns–Manville Sales Corp.,* 783 F.2d 589, 592 (5th Cir.1986), while rejecting the plaintiff's claim that cancer evidence was admissible to prove mental anguish resulting from the increased risk of cancer on the basis that the plaintiff failed to prove a physical injury, the Court noted at the outset that there was no proffer whatsoever of evidence that the plaintiff feared the manifestation of cancer as a result of his exposure to asbestos. Finally, in *Dartez v. Fibreboard Corp.,* 765 F.2d 456, 468 (5th Cir.1985), the Court concluded that the plaintiff's own testimony regarding his emotional reaction to the realization of the risk he faced, specifically the risk of developing cancer, was properly admitted to establish the mental anguish element of the plaintiff's case. *Id.* at 468.

Smith points to this Court's decision in *Jackson v. Johns–Manville Sales Corp.,* 781 F.2d 394 (5th Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986) as support for his claim that he need not specifically state his fear of developing cancer to recover damages for "cancerphobia." In *Jackson,* this Court implicitly held that a plaintiff's failure to state that he suffers mental distress will not preclude him from recovering damages for fear of cancer; however, the Court noted that the plaintiff in *Jackson* had testified that he

was fearful of a cancerous condition at some time in the future, not merely that he was concerned about his future health. 781 F.2d at 414 n. 27. This is an important factor which is absent from the instant case. While a plaintiff may recover for "cancerphobia" without stating that he is suffering mental distress, a plaintiff must, as a threshold matter, present evidence of his particular fear of developing cancerous conditions in the future to support that recovery.[3]

 Smith argues that the combination of his testimony regarding his general concern for his future health, the proof that he suffers from asbestosis, and the proof that asbestos causes malignant and benign lung diseases, is sufficient to establish the necessary evidentiary foundation to support his recovery for fear of cancer. Smith's argument, however, requires a broad evidentiary inference as to the state of mind of a plaintiff regarding that individual's concerns for his or her future health. Specifically, the term "health" would have to encompass virtually all known diseases and ailments. We are unwilling to take such a evidentiary leap. Our decision to refrain from engaging in such an evidentiary inference is consistent with the rule that it is the province of the jury to determine the seriousness and reasonableness of a plaintiff's fear of cancer. In this regard, a jury is permitted to draw inferences from the evidence presented at trial to reach a finding that a plaintiff's fear of cancer is both reasonable and serious. However, the inferred conclusion of the jury that a plaintiff's fear of cancer is serious and reasonable may not be predicated on a general statement by the plaintiff that he is concerned about his health, but must instead be premised on the plaintiff's evidence as to his specific fear of cancer.

 In sum, cancer evidence is highly inflammatory and understandably incites the passions and fears of most reasonable individuals. Recognizing the emotional impact of this type of evidence, it is critical that evidence of cancer only be admitted in those situations where the proper evidentiary guidelines are followed. In the instant case, since the district court previously determined that evidence relating to Smith's damages for increased risk of cancer was inadmissible due to Dr. Friedman's inability to state that Smith had a greater than 50% chance of contracting cancer, Dr. Friedman's testimony regarding the causal link between asbestos and cancer became relevant only to the issue of the "reasonableness" of Smith's fear of cancer in the future. Because we conclude that Smith did not lay the proper evidentiary foundation for Dr. Friedman's testimony concerning the "reasonableness" of Smith's fear of cancer, the district court abused its discretion when it admitted Dr. Friedman's testimony on this issue. For the same reasons, the district court erred in instructing the jury on the issue of fear of cancer and in submitting a charge to the jury on that issue. We cannot say ACF's substantial rights were not affected by the error in the instant case. For these reasons, the district court's judgment is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

E. GRADY JOLLY, Circuit Judge, specially concurring:

Although I have misgivings about the wisdom of allowing recovery for cancerphobia when medical evidence will not support a conclusion that the plaintiff has a probability of developing cancer, see, e.g., Hagerty v. L & L Marine Services, Inc., on reconsideration, 797 F.2d 256 (5th Cir. 1987) (Jolly, J. dissenting), I nevertheless concur in the result Judge Johnson reaches. This is a diversity case, of course, and Judge Johnson makes a strong argument that Louisiana would reach the same result

---

**3.** It is important to note that a plaintiff, to recover for fear of cancer, need not prove that his toxic exposure will more probably than not lead to cancer. This is the burden of proof which a plaintiff must satisfy to recover for the increased risk of cancer. *Hagerty*, 788 F.2d at 319. The district court in the instant case correctly excluded evidence of Smith's increased risk of cancer because Smith could not adduce sufficient proof to meet the above burden.

if presented with the same issue. Neither party has raised whether damages for fear of cancer are recoverable, apparently having conceded that issue on this appeal.

I therefore concur in the result Judge JOHNSON has reached in his lucid opinion.