James A. BONDY, et al.,

v.

**TEXAS EASTERN TRANSMISSION CORPORATION, et al.**

Civ. A. 88–180–B.

United States District Court, M.D. Louisiana.

June 30, 1988.

Ralph B. Chustz, Francis A. Smith, Jr., Kearney, Smith, Chustz, and Minogue, New Roads, La., W.T. Tete, Mars, Medo & Tete, New Orleans, La., for plaintiffs.

Ray A. Barlow, Hargrove, Guyton, Ramey & Barlow, Shreveport, La., for defendants.

## OPINION

POLOZOLA, District Judge.

This matter is before the court on the motion of the defendants, Texas Eastern Transmission Corporation ("TETCO"), Zack Williams and J. Rodney Fontenot, to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Because both parties submitted materials outside of the pleadings which were considered by the court, the motion to dismiss was converted to a motion for summary judgment. The court finds that defendants' motion for summary judgment should be granted.

The plaintiffs, James A. Bondy, David J. Bondy, Joseph J. David and William Seibert Roberts, originally filed this suit in the Eighteenth Judicial District Court, Parish of Pointe Coupee, State of Louisiana seeking compensatory and punitive damages as a result of the alleged exposure to polychlorinated biphenyls ("PCBs"). Defendants timely removed the action to this court asserting jurisdiction under 28 U.S.C. § 1332. The defendants contend that complete diversity exists because the defendants, Williams and Fontenot, who are residents of Louisiana, were fraudulently joined. Plaintiff then filed a motion to remand. The defendants filed their motion for summary judgment. Oral argument was held on both motions. Following oral argument and for reasons orally assigned by the court, the court denied plaintiffs' motion to remand, finding that plaintiffs could not establish a cause of action against the non-diverse defendants, William and Fontenot. The court now finds that the motions of the defendants for summary judgment should be granted.

In *Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121, 1122–1123 (5th Cir.1988) the Fifth Circuit set forth the standard to be applied in ruling on a motion for summary judgment stating:

> The Supreme Court has recently interpreted the standards which should be applied in considering the entry of summary judgment ... The Court has stated that Fed.R.Civ.P. 56(c) mandates summary judgment in any case where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact. *Id.* Rule 56(c) requires the district court to enter summary judgment if the evidence favoring the nonmoving party is not sufficient for the jury to enter a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). When the moving party has carried his burden under Rule 56(c), his

opponent must present more than a metaphysical doubt about the material facts. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The plaintiffs, David Bondy and Joseph B. David, have alleged that the defendant TETCO contaminated the property owned by TETCO and leased to James Bondy located near New Roads, Louisiana with PCBs. These plaintiffs also contend that they were employed as farm hands on the property in question. In that connection, David Bondy and David allege that they suffered damages for "mental anguish of the fear that [they] may contract cancer or other disease as a result of [alleged] consumption of PCBs."

Louisiana law requires a "physical" or "present injury" as a predicate for recovery for mental anguish. *Smith v. A.C. & S., Inc.*, 843 F.2d 854, 858 (5th Cir.1988); *Adams v. Johns–Manville Sales Corp.*, 783 F.2d 589, 593 (5th Cir.1986). Neither Bondy nor David has produced any evidence of an injury existing at this time, nor has any such injury even been alleged. Specifically, plaintiffs have failed to produce medical evidence which establishes they have sustained or are being treated for an injury related to the PCB spill on the property. Bondy and David have also asserted a claim for exemplary damages arising out of the same set of facts under Article 2315.3 of the Louisiana Civil Code which provides:

> In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances.

Because David Bondy and David have failed to allege or prove that a "present injury" exists, there is no actionable injury. Without an actionable injury, no cause of action can be asserted for exemplary damages under Louisiana law. Defendants' motion for summary judgment is granted as to these plaintiffs.

The plaintiff, William Roberts, alleges that he is the owner of farming property adjacent to the property owned by TETCO. Roberts alleges that his cattle drank surface waters from which runoff water from TETCO's property flowed. Roberts contends that he has suffered damages for mental anguish because of a fear he has that he may also contract cancer or other disease as the result of alleged consumption of PCBs. Roberts also seeks damages for pecuniary injury to his property and cattle operation as well as exemplary damages. The only evidence before the court to support Roberts' claim for pecuniary damages is the affidavit of James Bondy which states that water from a slew located on TETCO's property drained on to the lands owned by Roberts. There is no evidence, nor is there any claim that PCBs were ever actually on Roberts' property. There was no evidence of testing being conducted which establishes that PCBs are on Roberts' property. Finally, there is no evidence of any damage to Roberts' farming operation. Roberts does set forth a statement in his complaint that "certain said cattle died of unexplained causes." In oral argument it was indicated that only one cow died, and that there is, in fact, no evidence to link the cow's death to contact with PCBs. The court finds that Roberts has failed to produce any evidence to support his claim for pecuniary damages. Roberts has also failed to produce any evidence of "present injury" as required under *Smith*, 843 F.2d at 858 and *Adams*, 783 F.2d at 593 to recover for mental anguish. Because of the foregoing, Roberts has also failed to allege a claim for exemplary or punitive damages. Therefore, defendants' motion for summary judgment as to the claims asserted by William Roberts is granted.

The plaintiff James Bondy was the lessee of the property owned by TETCO. James Bondy is seeking damages for "pecuniary injury to his farming operation," "mental anguish of the fear that he may contract cancer or other disease as a result of his [alleged] exposure to and consumption of PCBs;" and for exemplary or punitive

damages. James Bondy's affidavit submitted in support of his claim relating to pecuniary damages stated that soybeans planted on the site of an abandoned "burn pit" were stunted in their growth. Plaintiff further alleges in his complaint that:

> [H]e had late in 1986 done some work on the land in preparing it for the 1987 crop; that by the time the lease was cancelled, he was not in a position to lease any other land nearby ...

 The court finds, however, that any claims relating to Mr. Bondy's farming operation are barred by the lease agreement entered into by the parties. This lease agreement provides in pertinent part:

> (1) Lessee hereby expressly waives and renounces any and all rights or claims against Lessor for damage that may result of Lessee from any use or operation on the leased property by Lessor, including, but without limitation, damages to growing crops. (Lease Contract, Paragraph 12); and

> (2) [I]t is understood and agreed, that upon the termination of this lease at the end of its term, or otherwise, all growing crops on the leased premises shall be the property of the Lessor, and Lessee shall have no claim whatsoever to any growing crop nor shall Lessee have any claim against Lessor of any kind or nature resulting from the planning and/or cultivation of any growing crop on the leased premises. (Lease Contract, Paragraph 16).

James Bondy has also failed to produce any evidence of a "present injury" which precludes recovery for mental anguish or punitive damages. *Smith*, 843 F.2d at 858. *Adams*, 783 F.2d at 593. Therefore, defendants' motion for summary judgment as to the claims of James Bondy is granted.

Therefore:

IT IS ORDERED that the motion of Texas Eastern Transmission Corporation, Zack Williams and J. Rodney Fontenot for summary judgment be and it is hereby GRANTED.

Judgment shall be entered dismissing plaintiffs' suit with prejudice.