531 So.2d 498 (1988)
Steven Christopher GRIFFIN and Lynn Griffin
v.
TENNECO OIL COMPANY, et al.
No. CA-9297.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 1988.
Rehearing Denied October 12, 1988.
Writ Denied December 9, 1988.
*499 Ernest E. Barrow, II, Grant & Barrow, Gretna, for plaintiffs-appellants.
John C. Combe, Jr., Mark E. Seamster, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants-appellees.
Before SCHOTT, KLEES and PLOTKIN, JJ.
SCHOTT, Judge.
Plaintiff sustained injuries in an industrial accident at the Tenneco Oil Refinery at Chalmette, Louisiana. He brought suit against Tenneco and others for compensatory damages and subsequently amended his petition to assert a claim against Tenneco for exemplary damages under LSA-C.C. art. 2315.3. Tenneco filed exceptions of no right and no cause of action as to the claim for exemplary damages, the trial court sustained the exceptions, and plaintiff has appealed. The principal issue addressed by the parties is whether the plaintiff who alleges that he was performing contractual work for Tenneco inside its plant when an accident occurred causing him injury has a right of action for exemplary damages under art. 2315.3. Tenneco also contends that plaintiff's petition does not state a cause of action.
In his original petition plaintiff alleged that he and his foreman were working on the installation of an electrical starter at the Tenneco plant; they were employed by MRO Services and he was an electrician's assistant; as they were at work he noticed some liquid dripping and some fumes coming from below when suddenly there was an explosion and he was engulfed in flames. He alleged that his injury was caused by the negligence of Tenneco in the following respects:
a) Causing or allowing noxious and dangerous flammable fluids to leak in the immediate vicinity of workmen without warning or caution.
b) Failing to install or equip the facility operated by them with adequate safeguards to protect workers, visitors, contractors, and equipment from the dangerous materials handled by plaintiff.
c) Failing to have caused inspections of the systems in place to handle these dangerous materials, to determine their ability to safely transmit and contain the dangerous fluid, fumes and materials they manufacture and employ in the operation of the refinery.
d) Failure to properly train and supervise the operators, crew and other various personnel employed by Tenneco Oil Company to safely conduct the manufacture, transmission, and storage of these dangerous and flammable substances.
e) Failure to warn or caution the personnel in the area at or near the leak to cease any "hot work" and prevent the combustion of said flames in the immediate vicinity of personnel.
In a first supplemental and amending petition plaintiff alternatively claimed that his injury was caused by the negligence of Gaffney, Lou-Con, and Eagle Electric, three other contractors who were working at the Tenneco plant. He alleged that Gaffney was negligent in performing welding work and the others in performing general maintenance and new construction work around the site of the explosion.
By a third supplemental petition plaintiff added the following allegation to his previous petitions:
"XI.
Petitioner, Steven Christopher Griffin, was injured in this explosion due to the wanton and reckless disregard for his safety and the safety of the public in the storage, handling and transportation of this hazardous substance that ignited, and due to the wanton and reckless disregard for the safety of Steven Christopher Griffin, he is entitled to exemplary damages in the sum of FIVE MILLION AND NO/100 ($5,000,000.00) DOLLARS, said damages should be awarded as the authority of LSA-C.C. Art. 2315.3 which provides for the award of exemplary damages for the wanton and reckless *500 disregard of the defendants herein for public safety in the storage, handling or transportation of hazardous or toxic substances."
Tenneco's exception of no right of action is based on the proposition that plaintiff does not belong to the class of persons who may bring a claim for exemplary damages under C.C. Art. 2315.3 which provides as follows:
In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances.
Tenneco argues that the legislature did not intend by this statute to extend punitive damages to a plaintiff who is injured while working inside a plant even though the accident is related to defendant's storage or handling of a hazardous substance. Tenneco contends that the statute's language "disregard for public safety" connotes that in order for a plaintiff to recover exemplary damages he must be a member of the public who is not associated with the defendant by contract and is physically detached from the defendant's plant. Tenneco argues that the legislative intent was to allow recovery in those situations where plaintiffs are injured because the defendant allowed noxious fumes or destructive forces to escape from its plant and cause injury.
In order to assist us in the determination of the legislature's intent in drafting the statute counsel for both parties refer to excerpts from the hearing before the legislative committee which considered the proposed statute leading to the adoption of C.C. art. 2315.3. With all due respect to counsel these excerpts do not reveal the legislature's intent as to the problem before us. Neither is there any case law to assist us in the interpretation of the statute. We find only one case which dealt with the statute, Chinigo v. Geismar Marine, Inc., 512 So.2d 487 (La.App. 1st Cir. 1987), writ den. 514 So.2d 457 (La.1987), and it did not address the specific question before us. In that case plaintiff's entitlement to exemplary damages under the statute was not disputed where he was an investigating police officer who was injured by toxic fumes escaping from a tank truck on a public highway. In the final analysis the words of the statute themselves and some degree of logic provide the only assistance in solving our problem.
The words of the statute do not support Tenneco's position. They do not say the injured plaintiff must be a member of some detached public group whose safety was disregarded in order to recover. The words of the statute say that any plaintiff may recover if his injuries were caused by defendant's wanton or reckless disregard for the public safety in the handling of the substances. The statute's reference to the public safety is in the context of a general state of mind which the plaintiff must prove in order to recover. The statute does not require that the plaintiff prove some specific conduct on defendant's part which constitutes wanton or reckless disregard for his safety.
In addition, logic prevents us from reaching the conclusion espoused by Tenneco. Tenneco seems to concede that had the explosion and fire in this case have spread beyond the confines of the Tenneco plant and resulted in injury to its neighbors they would have standing to sue for exemplary damages under art. 2315.3. We would suggest that the same concession should be made in that situation to a person delivering the mail to the office on the plant or to a truck driver delivering supplies or material to the plant. Surely they would be members of the public to the same extent as the plant's neighbors. But Tenneco would exclude from standing to recover under the statute the plaintiff who is not its employee but is working for an outside, private contractor albeit on Tenneco's property. We see no compelling logical reason for excluding plaintiff from the class eligible to recover simply because he was on the premises and his employer had some contractual relationship to Tenneco.
The foregoing discussion pertains to the trial court's sustaining of Tenneco's exception *501 of no right of action. Because of our conclusion that plaintiff does belong to the class in whose favor art. 2315.3 extends a remedy the exception was erroneously sustained. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).
The trial court also sustained Tenneco's exception of no cause of action. Tenneco argues that this ruling was correct because plaintiff's paragraph XI is merely a recitation of art. 2315.3 without factual allegations to support the statute's application. Paragraph XI must be read in conjunction with all of the allegations of plaintiff's previous petitions including subparagraphs a through e quoted above. These alleged facts do support a claim based on negligence but the questions is whether they support a claim based on wanton or reckless disregard for the public safety. It seems appropriate at this point to consider the meaning of these terms. In Cates v. Beauregard Electric Cooperative, Inc., 316 So.2d 907 (La.App. 3rd Cir.1975) the following helpful discussion is found at 916:
The terms "willful", "wanton", and "reckless" have been applied to that degree of fault which lies between intent to do wrong, and the mere reasonable risk of harm involved in ordinary negligence. These terms apply to conduct which is still merely negligent, rather than actually intended to do harm, but which is so far from a proper state of mind that it is treated in many respects as if harm was intended. The usual meaning assigned to do the terms is that the actor has intentionally done an act of unreasonable character in reckless disregard of the risk known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow.
Applying the definition to the statute plaintiff must prove that Tenneco's misconduct as alleged in paragraphs a through e was committed with the state of mind that Tenneco knew the public safety was at risk or should have known that it was highly probable that harm to the public would follow as a consequence of its derelictions. In other words plaintiff must show that Tenneco's alleged acts and omissions of negligence were accompanied by a conscious indifference to consequences amounting almost to a willingness that harm to the public safety would follow.
We see no necessity for requiring that a plaintiff add all these words and phrases to his petition in the guise of pleading facts. They are simply definitional. They would not add to the petition. They would only provide additional words for the succinct allegation of wanton or reckless disregard for the public safety which the statute requires in order for the plaintiff to recover. We are satisfied that plaintiff's petition and amended petitions state a cause of action for exemplary damages under art. 2315.3.
Accordingly, the judgment of the trial court is reversed and set aside. There is judgment in favor of plaintiff and against defendant, Tenneco, overruling its peremptory exceptions of no right and no cause of action. The case is remanded to the trial court for further proceedings. All costs of this appeal are taxed against Tenneco. The balance of costs will await the outcome of the case.
REVERSED AND REMANDED.