Cynthia GALJOUR, et al.

v.

GENERAL AMERICAN TANK CAR CORPORATION, et al.

Civ. A. Nos. 87–5003, 88–787 and 88–3979.

United States District Court, E.D. Louisiana, New Orleans Division.

June 27, 1991.

On Motion for Partial Summary Judgement July 15, 1991.

954

Joseph M. Bruno, Bruno & Bruno, New Orleans, La., Wendell H. Gauthier, Gauthier & Murphy, Metairie, La., Gary Michael Pendergast, Pendergast & Richards, New Orleans, La., for plaintiffs.

John P. Manard, Jr., Sallye Goodwin Webb, Phelps Dunbar, New Orleans, La., for Gen. American Transp. Corp.

Benjamin Richard Slater, Jr., Benjamin Richard Slater, III, Mark Edward Van Horn, Charles Arne Nunmaker, Monroe & Lemann, New Orleans, La., for Norfolk Southern Corp., New Orleans Terminal Co., and Alabama Great Southern Ry. Co.

Harry Simms Hardin, III, Raymond Joseph Salassi, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for CSX Transp., Inc.

Frederick William Bradley, Liskow & Lewis, New Orleans, La., for GATX Terminals Corp.

George James Richaud, Young, Richaud, Theard & Myers, New Orleans, La., for Mitsui & Co. (USA) Inc.

David Stuart Kelly, Lemle & Kelleher, New Orleans, La., for Illinois Central R. Co.

James G. Burke, Jr., Andrew C. Wilson, Burke & Mayer, New Orleans, La., for Phillips Petroleum Co. and Phillips 66 Co.

Dermot S. McGlinchey, Eric Shuman, McGlinchey, Stafford, Cellini & Lang, New Orleans, La., for Polysar Latex and Polysar Ltd.

Daniel Lund, Timothy Farrow Daniels, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La., for AMF–BRD Inc.

Eileen R. Lintz Madrid, Rice, Fowler, Kingsmill, Vance, Flint & Booth, New Orleans, La., Frank A. Piccolo, Abbott, Best & Meeks, New Orleans, La., for Laboratory Services Inc.

Joseph L. Shea, Jr., Hargrove, Guyton, Ramey & Barlow, Shreveport, La., for Riley Co., and Riley–Beaird Inc.

Ray A. Barlow, Hargrove, Guyton, Ramey & Barlow, Shreveport, La., for Beaird Industries, Inc., Cashco Holdings, APAC Inc. and ATEC Inc.

William A. Percy, III, Jeffery Mark Lynch, Louisiana Dept. of Justice, David Anthony Dalia, Louisiana Office of Atty. Gen., New Orleans, La., for Atty. Gen., State of La.

## ORDER AND REASONS

MENTZ, District Judge.

The Court addresses here the motions filed by defendants, Phillips Petroleum Company, Phillips 66 Company (collectively Phillips), General American Transportation Corporation (GATC), Mitsui & Co., (U.S.A.), Inc. (Mitsui), and CSX Transportation, Inc. (CSXT) for summary judgment on the plaintiffs' exemplary damages claims.[1] For the reasons set for below, the motions are GRANTED.

## BACKGROUND

In this diversity suit, the plaintiffs claim damages arising from a railroad tank car fire which occurred in an interchange yard located in New Orleans, Louisiana. The fire started in the early morning on September 9, 1987 when the tank car's cargo of butadiene, a liquid petroleum gas, leaked from the tank car and ignited. The fire burned for approximately thirty-six hours. Several hundred residents in an eight block area next to the interchange yard were evacuated due to the risk of explosion. The plaintiffs contend that the butadiene escaped through a defective manway gasket on the tank car.

The plaintiffs claim that the defendants are liable for exemplary damages under Louisiana Civil Code article 2315.3. Article 2315.3 provides that:

> In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous substances. As used in this Article, the term hazardous or toxic substances shall not include electricity.

Each of the moving defendants seeks summary judgment on the ground that its activities in connection with the tank car and/or butadiene did not constitute "storage, handling, or transportation" of a hazardous substance. The parties agreed for the purpose of the pending motions that butadiene is a hazardous substance.[2]

---

**1.** GATC filed its motion as a motion to dismiss for failure to state a claim under Rule 12(b)(6). The plaintiffs presented deposition testimony and other matters outside the pleadings, and GATC acknowledged the Court's authority to convert the motion to one for summary judgment. Accordingly, the motion shall be treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b) (West 1991).

**2.** Butadiene is an organic chemical consisting exclusively of hydrogen and carbon. The Department of Transportation classifies it as a flammable substance, as opposed to a hazardous substance. Butadiene is a central nervous system irritant and a mucous membrane irritant, but only in very high dosages. *See Memorandum Opinion* page 7, Civil Action No. 88–787 (E.D.La. Sect. "I" Jan. 23, 1990).

Phillips owned the tank car from 1979 until December of 1986. In December, 1986, Phillips sold the tank car to GATC. GATC then leased the tank car to Mitsui, who sent the tank car to Goodhope, Louisiana for use in butadiene service. Polysar purchased the butadiene at issue in this case in Europe for use at its plant in Chattanooga, Tennessee. Polysar arranged for Mitsui to transport the butadiene from Goodhope to Chattanooga. The butadiene arrived at Goodhope on the S/S HERMAN SCHULTE. Mitsui arranged for GATX Terminals, Inc. (Terminals) to handle the transfer of the butadiene from the vessel into the tank car. After Terminals loaded the tank car, Illinois Central Railroad Company moved the car to New Orleans and transferred it to New Orleans Terminal Company (NOTC). On September 8, 1987 at 7:25 p.m., NOTC's crew placed the tank car on the designated interchange track in CSX Transportation, Inc.'s (CSXT) terminal junction. On September 9, 1987, at about 1:30 a.m., the tank car caught fire.[3]

## ARTICLE 2315.3

■ Article 2315.3 is an exception to the general public policy in Louisiana against punitive damages. *Vincent v. Southwest Louisiana Elec. Membership Corp.,* 666 F.Supp. 94, 96 (W.D.La.1987). Accordingly, the courts have narrowly interpreted the "storage, handling, or transportation" language in article 2315.3. To come within the purview of the statute, a defendant must be "engaged in" storage, handling or transporting a hazardous substance. *Strauch v. Gates Rubber Company,* 879 F.2d 1282 (5th Cir.1989), *cert. denied,* ─── U.S. ───, 110 S.Ct. 841, 107 L.Ed.2d 836 (1990) (manufacturer of a synthetic hose used by others to transport anhydrous ammonia, a hazardous substance, was not engaged in storage, handling, or transportation of hazardous substance); *Hebert v. U.S. Cylinders, Inc.,* Civil Action Nos. 88–5125, 89–1749, and 89–3251, 1990 WL 103669 (WESTLAW E.D.La. July 16, 1990) (manufacturer of cylinder shells which are filled by others with a hazardous substance

is not engaged in storage, handling or transportation of a hazardous substance). Article 2315.3 does not provide a remedy against a defendant who manufactures, sells, purchases, or transports a mechanism or instrumentality that is used by others for storage, handling or transporting a hazardous substance. *See id.* "Implicit in storing, handling, or transporting is the requirement that the hazardous substance be in the possession and control of a person who *then handles or otherwise deals with that substance." Wiltz v. Mobil Oil Exploration & Producing North America, Inc.,* 702 F.Supp. 607, 608 (W.D.La.1989) (emphasis added) (operator of gas well was not engaged in storing, handling, or transporting a hazardous substance where the gas which ignited was from an underground formation had not been reduced to possession). This is consistent with the wanton and reckless standard for punitive conduct which applies where the wrongdoer proceeds in disregard of facts, known or apparent to a reasonable person, which would lead a reasonable person to realize that his conduct creates a high and excessive degree of danger. *See Bourgeois v. State Farm Mut. Auto. Ins. Co.,* 562 So.2d 1177, 1180–82 (La.App. 4th Cir.), *cert. denied,* 567 So.2d 611 (La.1990).

## FEDERAL RULE OF CIVIL PROCEDURE 56

The United States Supreme Court has stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). To defeat the present motions for summary judgment, the plaintiffs must show with respect to each defendant that there is a genuine issue of material fact as to wheth-

---

**3.** Defendants, Terminals and Illinois Central, have not sought to dismiss the plaintiffs' punitive damages claims on the ground that they did not store, handle or transport the butadiene. NOTC is not a direct defendant.

er the defendant engaged in the storage, handling, or transportation of the butadiene.

The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material.

An issue is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party. If, on the other hand, the evidence offered by both the moving and opposing parties would support only one conclusion and, even if all the evidence to the contrary is fully credited, a trial court would be obliged to direct a verdict in favor of the moving party, the issue is not genuine.

*Professional Managers, Inc. v. Fawer, Brian, Hardy, & Zatzkis,* 799 F.2d 218, 222 (5th Cir.1986).

### PHILLIPS

The plaintiffs contend that during maintenance and cleaning of the tank car at Phillips' facility in November, 1986, Phillips' improperly installed the tank car's manway gasket. In addition, the plaintiffs allege that the manway gasket was composed of inappropriate materials. In December, 1986, Phillips sold and transferred possession and control of the tank car to GATC. The tank car was clean and empty at the time of transfer. The plaintiffs argue that "Phillips was engaged in the transportation of this cargo since it was the last entity to maintain the car prior to its being loaded with the butadiene in question and had warranted to its purchaser that the car was suitable for the carriage of butadiene." Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment, page 3.

■ Regardless of whether Phillips was the last person to maintain the tank car and warranted the tank car for carriage of butadiene, it is uncontested that Phillips never had any dealings with the butadiene. The plaintiffs did not file a statement of contested facts in opposition to Phillips' statement of uncontested facts, wherein Phillips states that it "never exercised any possession, ownership, or control in either the storage, handling or transportation of the cargo of butadiene ladened in GATX 55996." Thus, these facts must be deemed admitted. *See* Local Rule 2.10E. Nor did the plaintiffs submit any evidence to show that Phillips had any contact or dealings with the butadiene. While Phillips' role in maintaining the tank car may support liability on some basis other than article 2315.3, it fails, as a matter of law, to show that Phillips was engaged in the storage, handling, or transportation of the butadiene. The plaintiffs have not presented any evidence sufficient to show that Phillips stored, handled, or transported the butadiene. Accordingly, Phillips is entitled to summary judgment as a matter of law dismissing all claims against it for exemplary damages under article 2315.3.

### GATC

■ At the time of the incident, GATC was the owner of the tank car, having purchased it from Phillips in December, 1986. Two months later, in February, 1987, GATC leased and delivered the tank car to Mitsui pursuant to a written agreement. At no time did GATC have possession or control of, or dealings of any kind with the butadiene. The evidence taken in the light most favorable to the plaintiffs shows only that GATC was the owner of a tank car which was used by others to store, handle, or transport the butadiene. GATC may not be held liable under article 2315.3 based on its ownership of the tank car alone. The plaintiffs have failed to make a sufficient showing that GATC stored, handled, or transported the butadiene. Thus, as a matter of law, GATC is entitled to summary judgment in its favor dismissing all claims for exemplary damages.

### MITSUI

Mitsui and Terminals had a written agreement pursuant to which Terminals, on behalf of Mitsui, offloaded butadiene from vessels docked at Terminals' Goodhope,

Louisiana facility into tank cars leased by Mitsui. On September 4, 1987, Terminals offloaded the butadiene at issue in this case directly from the S/S HERMAN SCHULTE into the tank car. The plaintiffs argue that there was a principal/agent relationship between Mitsui and Terminals, and that as principal, Mitsui played a direct part in the storage, handling, and transportation of the butadiene.

The uncontested evidence is that Mitsui did not have any "hands on" involvement in the storage, handling, or transportation of the butadiene. Any involvement of Mitsui occurred only through its alleged agent, Terminals.

■ Under Louisiana law, a principal is not liable for the negligent acts of his agent unless the agent is a servant within the concept of the master-servant relationship. *See* La.Civ.Code art. 2320 (West Supp.1991) (a master is answerable for the damages occasioned by his servant); *Blanchard v. Ogima*, 215 So.2d 902, 906 (1968); *Verret ex. rel. Gatlin v. Scott*, 470 So.2d 228, 231 (La.App. 4th Cir.1985).

> 'Servant' must be interpreted as that particular kind of agent who *has a very close economic relation to, and is subject to very close control by,* the principal. A servant is one who offers his personal services for a price. He is an integral part of his employer's business and must submit to the control of his physical conduct as well as of his time. A non-servant agent contributes to the business of his employer, but he is not such a part of it that his physical acts and the time to be devoted to the business are subject to control.

*Blanchard*, 215 So.2d at 906–07.

■ There is no evidence that Mitsui had any control over the manner in which Terminals conducted its work. In fact, Mitsui does not have any knowledge of what Terminals does to verify that the tank car is ready for transportation and that it meets Department of Transportation regulations. Terminals' employees performed the actual loading operations with Terminals' equipment. No employees of Mitsui were present at Terminals' facility. The substantial evidence is that Terminals was not Mitsui's servant. Therefore, Mitsui cannot be liable for any negligent acts of Terminals based on their alleged principal-agent relationship. There being no other evidence to show that Mitsui stored, handled, or transported the butadiene, the plaintiffs failed to raise a genuine issue of material fact, and Mitsui is entitled to summary judgment as a matter of law dismissing all claims against it for exemplary damages under article 2315.3.

### CSXT

■ At the time of the fire, the tank car was on CSXT's property, NOTC having delivered the tank car to the designated interchange track owned by CSXT. CSXT never assigned a crew to pick up the cut of railcars containing the tank car in question prior to the fire. Although the parties dispute whether CSXT had legal possession of the tank car, the dispute is not material for the purposes of the present motion. Assuming that CSXT had legal possession of the butadiene, it does not necessarily follow that CSXT is within the ambit of article 2315.3. Even though a person may have possession and control of a hazardous substance, to be liable under article 2315.3 he must "then handle or otherwise deal with that substance." *See Wiltz*, 702 F.Supp. at 608. *See also Bouy v. Transcontinental Gas Pipe Line Corp.*, 645 F.Supp. 109 (M.D.La.1986) (transmission of natural gas through defendant's pipeline was within the purview of article 2315.3); *Chinigo v. Geismar Marine, Inc.*, 512 So.2d 487 (La.App. 1st Cir.), *writ denied,* 514 So.2d 457 (La.1987) (trucking company that transported hazardous chemical in its truck was liable under article 2315.3 for knowingly failing to properly label the truck.) Even assuming that the tank car was in CSXT's legal possession, there is no evidence to show that CSXT handled or otherwise dealt with the butadiene. Thus, the plaintiffs have failed to make a sufficient showing that CSXT stored, handled, or transported the butadiene within the meaning of article 2315.3. As a matter of law, CSXT is entitled to summary judg-

ment in its favor dismissing all claims against it for exemplary damages under article 2315.3.

Accordingly,

IT IS ORDERED that:

1) Motion of Defendants, Phillips Petroleum Company and Phillips 66 Company, for Partial Summary Judgment is GRANTED, dismissing with prejudice all claims against Phillips Petroleum Company and Phillips 66 Company for exemplary damages under Louisiana Civil Code article 2315.3.

2) Motion of Defendant, General American Transportation Corporation, to Dismiss Exemplary Damages Claims For Failure to State a Claim Upon Which Relief Can Be Granted (converted by the Court to a Motion for Summary Judgment) is GRANTED, dismissing with prejudice all claims against General American Transportation Corporation for exemplary damages under Louisiana Civil Code article 2315.3.

3) Motion of Defendant, Mitsui & Co. (U.S.A.), Inc., for Partial Summary Judgment is GRANTED, dismissing with prejudice all claims against Mitsui & Co. (U.S.A.), Inc. for exemplary damages under Louisiana Civil Code article 2315.3.

4) Motion of defendant, CSX Transportation, Inc., for Partial Summary Judgment is GRANTED, dismissing with prejudice all claims against CSX Transportation, Inc. for exemplary damages under Louisiana Civil Code article 2315.3.[4]

MENTZ, Judge.

## ON MOTION FOR PARTIAL SUMMARY JUDGMENT

In this diversity suit involving a railroad tank car fire, the defendants filed a motion for partial summary judgment seeking dismissal of the punitive damages claims of sixty-one plaintiffs who claim no damages other than inconvenience for having to evacuate their homes, and who have suffered no bodily injuries, medical expenses, lost income, or property damages. For the reasons set forth below, the Court DENIES the motion for partial summary judgment.

The plaintiffs claim punitive damages pursuant to Louisiana Civil Code article 2315.3, which provides that:

In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's *injuries* were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous substances. As used in this Article, the term hazardous or toxic substances shall not include electricity. (Emphasis added.)

La.Civ.Code article 2315.3 (West Supp. 1991).

The defendants contend that under article 2315.3 a plaintiff must have a "physical" or "present" injury in order to recover punitive damages. The defendants argue that because the plaintiffs seek recovery for evacuation inconvenience only, they have suffered no "personal" or "present" injury, and therefore, their claims for punitive damages must be dismissed.

The defendants rely on the opinion in *Bondy v. Texas Eastern Transmission Corp.*, 701 F.Supp. 112 (M.D.La.1988), *aff'd*, 872 F.2d 422 (5th Cir.1989). The plaintiffs in *Bondy* alleged that they had been exposed to polychlorinated biphenyls (PCBs). They claimed pecuniary damages to their property and farming operations, mental anguish because of a fear that they would contract cancer as a result of their alleged exposure, and punitive damages. Citing two fear of cancer cases, *Smith v. A.C. & S., Inc.*, 843 F.2d 854, 858 (5th Cir.1988), and *Adams v. Johns–Manville Sales Corp.*, 783 F.2d 589, 593 (5th Cir. 1986), the court stated that "Louisiana law

---

4. CSXT and the plaintiffs in *Galjour, et al. v. General American Tank Car Corporation, et al,* Civil Action No. 87–5003 (E.D.La. Section "I"), filed a joint motion to dismiss the exemplary damages claims against CSXT, which the Court granted. *See* Rec.Doc. # 847. Accordingly, the Court's ruling herein as to CSXT applies only to the exemplary damages claims of the plaintiffs in *Vaccarella, et al. v. CSX Transportation Company, et al.,* Civil Action No. 88–787 (E.D.La. Section "I").

requires a "physical" or "present injury" as a predicate for recovery for mental anguish.... Without an actionable injury, no cause of action can be asserted for exemplary damages under Louisiana law." *Id.* at 114. The court granted summary judgment on the plaintiffs' claims, including punitive damages, because they could prove no present harm, only fear of a future harm.

*Bondy* is distinguishable from present case. In the case at bar, the plaintiffs suffered a "present injury" in having to evacuate their homes. The evacuation was the result of a proven event which caused a temporary deprivation of the plaintiffs' legally protected interest in their homes. Therefore, the fact that the plaintiffs may not have suffered a bodily injury or property damage does not prelude them from recovering punitive damages for evacuation inconvenience. *See Bourgeois v. State Farm Mut. Auto. Ins.*, 562 So.2d 1177, 1179 (La.App. 4th Cir.1990) (where the court held that the plaintiffs could recover punitive damages for property damages without an accompanying personal injury claim).

Accordingly,

IT IS ORDERED that the defendants'[1] Motion for Partial Summary Judgment is DENIED.

---

1. The moving defendants were: Phillips Petroleum Company; Phillips 66 Company; GATX Terminals Corporation; General American Transportation Corporation; Mitsui & Co. (U.S.A.), Inc.; Illinois Central Railroad Company; Norfolk Southern Corporation; Southern Railway Company; The Alabama Great Southern Railroad Company; CSX Transportation, Inc.; Polysar, Inc; Polysar, Ltd.; Beaird Industries, Inc.; United States Riley Corporation; The Riley Company; APAC, Inc.; ATEC, Inc.; and AMF–BRD, Inc. The Court dismissed the plaintiffs' punitive damages claims against certain of these defendants in prior rulings. *See* Order and Reasons entered July 1, 1991 (dismissing the punitive damages claims against Phillips Petroleum Company; Phillips 66 Company; General American Transportation Corporation; Mitsui & Co. (U.S.A.), Inc.; and CSX Transportation, Inc.), and June 25, 1991 (dismissing the punitive damages claims against Polysar, Inc. and Polysar, Ltd.), and Order entered April 18, 1990 (dismissing the punitive damages claims against AMF–BRD, Inc.) Thus, the plaintiffs have punitive damages claims pending against the following defendants only: GATX Terminals Corporation; Illinois Central Railroad Company; Norfolk Southern Corporation; Southern Railway Company; The Alabama Great Southern Railroad Company; Beaird Industries, Inc.; United States Riley Corporation; The Riley Company; APAC, Inc.; and ATEC, Inc.