**In re SHELL OIL REFINERY.**

**Robert ADAMS, Sr.**

v.

**SHELL OIL COMPANY.**

Civ. A. Nos. 88–1935, 88–2719.

United States District Court,
E.D. Louisiana.

July 31, 1991.

John J. Cummings, III, Liaison Counsel Cummings, Cummings & Dudenhefer, New Orleans, La., for plaintiff.

James F. Holmes, Christovich & Kearney, New Orleans, La., for Brown & Root U.S.A., Inc.

ORDER AND REASONS

MENTZ, District Judge.

The defendant, Brown & Root U.S.A., Inc., seeks summary judgment dismissing the plaintiffs' claims for exemplary damages. Having reviewed the briefs and documents submitted by counsel, and the applicable law, the Court GRANTS the motion for the reason that there is no evidence by which a jury could reasonably find that Brown & Root engaged in the storage, handling, or transportation of a hazardous substance.

The plaintiffs claim that they are entitled to exemplary damages against Brown & Root under Louisiana Civil Code article 2315.3, which provides a remedy for exemplary damages where the "plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous substances." La.Civ.Code art. 2315.3 (West Supp.1991). Whether Brown & Root engaged in wanton or reckless conduct, and whether a hazardous or toxic substance is involved is not at issue in the present motion. At issue is whether Brown & Root's conduct constituted "storage, handling, or transportation."

The plaintiffs brought this class action suit against Shell Oil Company and Brown & Root alleging damages arising from the May 5, 1988 explosion in the catalytic cracking unit (CCU) at Shell's refinery in Norco, Louisiana. Brown & Root is a service contractor hired by Shell to provide labor whenever Shell is short of personnel. Typically, Brown & Root provides pipe fitters, boilermakers, and welders.

Discovery indicates that the source of the hydrocarbon vapor that ignited and exploded was a rupture in an eight-inch pipe elbow in the overhead piping of the depro-

panizer unit of the CCU. The plaintiffs allege that Brown & Root fabricated and installed immediately upstream from the elbow a section of pipe containing a water injection nozzle without ensuring that the downstream piping was plumb, thus permitting a stagnant area at the elbow. Further, the plaintiffs allege that Brown & Root failed to replace and to reconnect certain equipment that would have protected the hydrocarbon vapors from potential ignition sources.

To come within the purview of article 2315.3, a defendant must be "engaged in" storage, handling or transportation. *Strauch v. Gates Rubber Co.*, 879 F.2d 1282, 1287–88 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 841, 107 L.Ed.2d 836 (1990) (manufacturer of a synthetic hose used by others to transport a hazardous substance was not engaged in storage, handling, or transportation of a hazardous substance); *Hebert v. U.S. Cylinders, Inc.*, Civil Action Nos. 88–5125, 89–1749, and 89–3251, 1990 WL 103669 (WESTLAW E.D.La. July 16, 1990) (manufacturer of cylinder shells which are filled by others with a hazardous substance is not engaged in storage, handling, or transportation of a hazardous substance). "Implicit in storing, handling, or transporting is the requirement that the hazardous substance be in the possession and control of a person *who then handles or otherwise deals with that substance.*" *Wiltz v. Mobil Oil Exploration & Producing North America, Inc.*, 702 F.Supp. 607, 608 (W.D.La.1989) (emphasis added) (operator of gas well was not engaged in storing, handling, or transporting a hazardous substance where the gas which ignited was from an underground formation and had not been reduced to possession.) To defeat the present motion for summary judgment, the plaintiffs must show that there is a genuine issue of material fact as to whether Brown & Root engaged in the storage, handling, or transportation of a hazardous substance. *See Celotex Corp. v. Catrett,*

477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The plaintiffs offered no evidence that Brown & Root ever had any contact or dealings with the allegedly hazardous substances transported in the CCU piping. There is also no evidence that Brown & Root participated in the operation or management of the CCU.[1] Brown & Root's maintenance, fabrication, and repair of equipment *used by Shell* to transport allegedly hazardous vapors is insufficient to show that Brown & Root engaged in storage, handling, or transportation of a hazardous substance. *See Strauch*, 879 F.2d at 1288. While Brown & Root's conduct in maintaining the CCU may support liability on some basis other than article 2315.3, the plaintiff's have failed to show that Brown & Root was engaged in the storage, handling, or transportation of a hazardous substance. *See Id., Hebert*, and *Wiltz. See also Cynthia Galjour, et al. v. General American Tank Car Corp., et al.,* 769 F.Supp. 953 (E.D.La.1991) (defendant Phillips, who performed maintenance on a railroad tank car designated for carriage of a hazardous substance, was not engaged in storage, handling, or transportation because it had no contact or dealings with the alleged hazardous substance). There being no genuine issue of material fact, Brown & Root is entitled to summary judgment in its favor dismissing all claims against it for exemplary damages under article 2315.3.

Accordingly,

IT IS ORDERED that the Motion for Summary Judgment By Brown & Root U.S.A., Inc. on the Issue of Exemplary Damages is GRANTED, dismissing all claims for exemplary damages against Brown & Root.

---

1. In a prior ruling, this Court rejected the plaintiffs' argument that Brown & Root shared custody and control of the CCU with Shell. *See*

Order and Reasons dated June 6, 1991, dismissing the plaintiffs' strict liability claims.